IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mary M. Laile (as personal representative
and Special Administrator of the Estate of
Donna Gail Castleberry AKA Donna Gail
Dalton, Decedent, and for the exclusive
Benefit of the Estate and for those persons
identified in Ohio Revised Code Section
2125.02 and/or the Next of Kin of
Decedent Donna Gail Castleberry aka
Donna Gail Dalton)
111 Hamilton Park
Columbus, Ohio 43203,

                    Plaintiff,

Andrew K. Mitchell
(Individually, personally and in his official
capacity as an employee and police officer
of the City of Columbus in its Department
of Public Safety, Division of Police)
Address – Currently held in federal detention ,

City of Columbus
C/O: Mayor Andrew J. Ginther
90 West Broad Street- 2nd Floor
Columbus, Ohio 43215,

Kim Jacobs
(Individually, personally and in her official
Capacity as an employee and Chief of Police
of the City of Columbus in its Department of
Public Safety, Division of Police
c/o  Columbus Division of Police
120 Marconi Blvd
Columbus, Ohio 43215,

And

Doe 1—25
Unknown Defendant  Columbus Police
Officers (all individually, personally and
in their official capacity as employees of the
City of Columbus in its Department of Public
Safety, Division of Police)

CIVIL ACTION NO.

JUDGE

**JURY DEMAND ENDORDED
HEREIN**

1

C/O City Attorney Zack Klein
77 N. Front Street
4th Floor
Columbus, Ohio 43215,

                              Defendants.

## **COMPLAINT FOR WRONGFUL DEATH**

Plaintiff  Mary M. Laile (as personal representative and Special Administrator of the Estate of  Donna Gail Castleberry AKA Donna Gail  Dalton, Decedent, and for the exclusive benefit of the Estate and for those persons identified in Ohio Revised Code Section 2125.02 and/or the Next of Kin of Decedent Donna Gail Castleberry aka Donna Gail Dalton) for her Complaint against Defendant Andrew K. Mitchell, Defendant City of Columbus, Defendant Kim Jacobs, and Defendants police officers Doe 1-25, does hereby state, allege and aver that:

## I.    **PRELIMINARY STATEMENT**

1.    Each of the paragraphs in this Complaint incorporates all of the other paragraphs without repetitious restatement.

2.    The facts upon which this Complaint is based and the claims of Plaintiff Mary M. Laile against Defendant Andrew K. Mitchell ("Mitchell" and/or "Defendant Mitchell"), Defendant Kim Jacobs ("Jacobs" and/or "Defendant Jacobs"), and Defendants police officers Doe 1-25 ("Doe" and/or "Defendant Doe") and  Defendant City of Columbus ("City" and/or "Defendant City") [collectively referred to herein as Defendants] are founded, in part, upon the wrongful death of  Donna Gail Castleberry AKA Donna Gail Dalton  which occurred on August 23, 2018 as a proximate result of having been shot multiple times by Mitchell.  Hereinafter, Donna Gail Castleberry AKA Donna Gail Dalton shall also be referred to as "Donna", "Deceased" and/or "Decedent".

3.      In part, Plaintiff brings this Civil Action pursuant to 42 U.S.C. §§ 1983 and 1988 against former Columbus police officer Mitchell for his use of excessive force which caused the wrongful death of Donna on August 23, 2018, and relatedly a *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) action against the City, its former Chief of Police Jacobs and Doe.

4.      This is a Civil Action for declaratory judgment, equitable (including injunctive) relief and for compensatory and punitive monetary damages for Defendants' violations of Donna's rights secured under 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth and Fourteenth Amendments to, and other provisions of the United States Constitution and comparable provision of the Ohio Constitution, as well as rights secured under the laws of Ohio.

5.      At all times material hereto, this Civil Action is brought against Mitchell because on August 23, 2018 he used unlawful excessive force against Donna by shooting her multiple times and thereby proximately causing her death.

6.       Among other reasons, this Civil Action is brought against the City for its having employed unconstitutional customs and policies; for its lack of control over its Vice Unit and its police officer employees; for its failure to supervise and/or train Mitchell and other members of the Vice Unit; and for having knowledge about wrongdoing by Mitchell and other police officers in the Vice Unit but taking no action until substantial harm had been visited on Donna and other members of the community at large.

7.      At all times material hereto, Plaintiff avers that Defendants, jointly and/or severally, acted:

a.      unlawfully, maliciously, deliberately, recklessly, willfully, intentionally, in bad faith and/or negligently;

b.      wantonly; purposefully; knowingly;

c.      without probable cause, legal right or justification;

d.      under color of law, statutes, ordinances, regulations, policies, customs and/or usage;

e.      with deliberate indifference,

f.      with malicious purpose

g.      and/or with gross negligence.

8.      Also, this Civil Action seeks compensatory and punitive monetary damages and equitable relief from Defendants for the commission of acts and/or omission to act under color of law, statutes, ordinances, regulations, policies, customs or usage which deprived Donna of her life, rights, privileges or immunities secured for Donna by the Constitution and laws of the United States of America and the Constitution of Ohio; and further, for singularly and/or acting in concert to deny, and intentionally failing to prevent and/or neglecting to prevent and/or showing reckless disregard and/or deliberate disregard to preventing the denial of Donna's rights to procedural and substantive due process and equal protection of the laws and her right to be free from excessive use of force and being shot and killed by Mitchell.

9.      Also, Plaintiff seeks equitable relief and monetary damages from certain Defendants for their maintenance and enforcement of policies, rules, practices, regulations, and customs and usage under color of law which operated to cause the death of Donna and damages to Donna's next of kin and beneficiaries as set forth herein, all in violation of federal and Ohio law.

10.      Among other reasons, this action is brought to redress injuries to the liberty, person and property interests of Donna because of Mitchell's and some of the other Defendants' acts and/or omissions which include but are not limited to: (a) false arrest of Plaintiff; (b) wrongful detention, kidnapping and killing of Donna; (c) false imprisonment of Donna;  (d) fraudulent and malicious deprivation of Donna's rights to bodily and personal privacy, due process and equal  protection of the laws of the United States of America and

4

the State of Ohio; (e) intentional infliction of serious emotional distress upon Donna; (f) negligent infliction of serious emotional distress upon Donna; (g) other acts and omissions of which resulted in injury or losses to Donna; (h) abridgment of Donna's rights secured to her under the Fourth and Fourteenth Amendment of United States Constitution and similar provisions the Ohio Constitution; (i) other acts and omissions, including assault and battery of which resulted in injury or losses to Donna; and (j) other actions and omissions under color of law which resulted in the deprivation of rights secured to Donna under the Constitutions and laws of the State of Ohio.

## II.    JURISDICTION

11.    The Court's jurisdiction is invoked pursuant to 28 U.S.C §§1331, 1343, 1343 and 1367 and 42 U.S.C. §§1983 and 1988.

12.    The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201 and 2202 authorizing any Court of the United States in a case of actual controversy within its jurisdiction, the authority to declare rights and other legal relations of any interested party seeking such declaration and to grant further necessary and proper relief based upon a declaratory judgment or decree.

13.    The amount in controversy exceeds $150,000, excluding interest and costs.

14.    Costs and attorneys' fees are sought pursuant to 42 U.S.C. §1988.

15.    The pendent jurisdiction of the Court is invoked as to the State of Ohio causes of action alleged herein. As this is an action for personal injury and wrongful death, it is, in part, brought pursuant to Ohio Revised Code §§ 2305.10 and 2125.01 et seq. for the benefit of Estate and for those persons identified in Ohio Revised Code Sections 2125.02 and 2125.03 and/or the Next of Kin of Donna.

## III.    VENUE

16.    This action properly lies in this judicial district because at all times material to this Civil Action, Plaintiff and Defendants were, and still are, residents and citizens of Franklin County, Ohio or Columbus, Franklin County, Ohio, the United States of America

and of this Court's judicial district. Further, Defendant City maintained, and still maintains its administrative offices in Franklin County, Ohio and therefore was, and still is, a citizen and resident of Franklin County, Ohio, and the United States of America and of this Court's judicial district.

17.     Venue is also proper with this Court for reason that Plaintiff's claims for relief and causes of action against the Defendants as set forth herein all arose in Franklin County, Ohio; and all acts and/or omissions of the Defendants upon which Plaintiff's claims for relief, causes of action and this Civil Action against Defendants are based occurred in Franklin County, Ohio.

## IV.     PARTIES

18.     By Entry, dated August 20, 2019, of the Probate Court of Franklin County, Ohio, Plaintiff Mary M. Laile is the duly appointed personal representative and Special Administrator of the Estate of Donna Gail Castleberry AKA Donna Gail Dalton, Decedent. The Estate of Donna Gail Castleberry AKA Donna Gail Dalton has been assigned Case No. 599688 upon the docket of the Franklin County Probate Court. A copy of the Entry appointing Plaintiff as the Special Administrator is attached hereto and incorporated herein by reference as Exhibit "A".

19.     Plaintiff's Decedent, Donna, was only twenty three (23) years of age when Mitchell shot and killed her. She is was married, and a mother of two. She is survived by her mother, father and two sisters.

20.     At all times material hereto, Defendant City was and still is a municipality and a political subdivision of the State of Ohio and owns, operates, manages, directs, supervises and controls the Department of Public Safety, Division of Police. Defendant City's primary office is located in Columbus, Franklin County, Ohio.

21.     At all times material to this Complaint, Mitchell, Jacobs, and Doe 1-25 were employees of Defendant City and directly under its control and/or supervision and/or authority.

22.     At all times material hereto, Defendant City employed Mitchell, Jacobs, and Doe 1-25 in its Department of Public Safety, Division of Police as duly appointed and sworn police or law enforcement officers and acted or failed to act within the scope of their employment and authority (implied or actual) with the Defendant City.

23.     At all times material to this Complaint, the acts of and/or omissions of Mitchell, Jacobs and Doe 1-25: committed pursuant to express or implied consent of Defendant City; ratified by Defendant City; committed within the course, scope and authority (actual and/or implied) of their employment with Defendant City; committed pursuant to rules, policies, regulations and custom and usages of Defendant City; and committed to further the business interests of Defendant City.

24.     Upon information and belief, and at all times material to this Complaint, Defendant City employed Mitchell its Department of Public Safety, Division of Police as a sworn police officer. Mitchell is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Upon information and belief, Mitchell, was and still is a resident of Franklin County, Ohio and the judicial district of this Court. He is sued individually and in his official capacity as an employee of the City of Columbus.

25.     Upon information and belief, and at all times material to this Complaint, Defendant City employed Jacobs its Department of Public Safety, Division of Police as the Chief of Police.

26.     At all times relevant hereto, Jacobs was the Chief Law Enforcement

Officer for Defendant City. Chief Jacobs was a final decision maker and policy maker with respect to the policies of the Columbus Division of Police.

27.     Jacobs is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

28.     Upon information and belief, Jacobs, was and still is a resident of Franklin County, Ohio and the judicial district of this Court.    She is sued individually and in his official capacity as an employee of the City of Columbus.

29.     Doe 1-25 is fictitious designations for one or more unknown persons employed by Defendant City as sworn police officers in its Department of Public Safety, Division of Police and had supervisory authority over Mitchell and other police officers in the Vice Unit. Upon information and belief, Doe 1-25 were and still are residents of Franklin County, Ohio and this Court's judicial district. Doe 1-25 are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are sued individually and in his official capacity as an employee of the City of Columbus.

30.     At all times material hereto, Plaintiff attempted to discover the real name and/or identity of Doe 1-25 prior to the filing of this Complaint but could not discover the real name and/or identity of said Doe 1-25. The true identities and/or capacities Doe 1-25 could not be discovered by Plaintiff at this time, and Plaintiff has accordingly sued these unknown Defendants under these fictitious names.   Plaintiff has been unable to determine said named Defendants Doe 1-25.   Defendants Doe 1-25 are sued herein pursuant to **RULE 15(D) OF THE OHIO RULES OF CIVIL PROCEDURE and/or applicable Federal Civil Rules of Procedure** and in that Plaintiff presently do (es) not know, nor can Plaintiff ascertain the true names and identities of Defendants Doe 1-25

after exercise of reasonable diligence. When the true names and identities of Defendants Doe 1-25 become known to and ascertained by Plaintiff, this Complaint will be amended and/or supplemented to allege the same.

31.     As required by Rule 15(D) of the Ohio Rules of Civil Procedure, Plaintiff aver that after having exercised reasonable diligence, Plaintiff was unable to discover the real name(s), real identities or real address(es) of Defendants Doe 1-25.  When Plaintiff ascertains the real names, real identities and addresses of Defendants Doe 1-25, Plaintiff shall amend this Complaint to state the real names of Defendants Doe 1-25.

## V.     FACTS

32.     From in or about at least 1988, until early 2019 Mitchell had been employed as police officer with the Columbus Division of Police, Department of Public Safety.  He was a 30 plus-year veteran. He submitted his letter for retirement sometime in March or April 2019.

33.     At the time of his commission as a Columbus police officer, Mitchell took an oath to uphold the United States Constitution, as well as the constitution and laws of the State of Ohio.

34.     At all times material to this Complaint, Mitchell was assigned as a detective in the Columbus Division of Police's Vice Unit, and had been on that assignment since on or about March 12, 2017. The Vice Unit is a police division responsible for investigating "moral crimes" such as gambling, prostitution, narcotics, and illegal alcohol sales.

35.     As a detective of the Vice Unit of the Columbus Division of Police, Mitchell was authorized by the laws of the State of Ohio and City of Columbus to

conduct, among other things, enforcement actions for solicitation or prostitution offenses, searches and seizures, and arrests.

36.     On August 23, 2018 and at all times material to this Complaint, Mitchell was on duty (on assignment) as a Columbus Police Vice Officer. He was undercover in plain clothes and not in his City issued police uniform. Also, he operated an unmarked police car (not a City marked police car). Neither his clothing nor vehicle identified him as a police officer.

37.     On August 23, 2018, at some point during his vice investigations, Mitchell came into contact with Donna in the Franklinton area on Westside of Columbus, in Franklin County, Ohio.

38.     The reasons and circumstances of why Mitchell and Donna were in each other's company are not known to the Plaintiff. What is known is that Donna entered the front passenger door of Mitchell's vehicle and sat in the passenger seat next to Mitchell. Mitchell than drove her to secluded location at or near South Yale Avenue, Columbus, Ohio in an alley and parked his vehicle in a manner which would prevent Donna from exiting the vehicle.

39.     What happened between Donna and Mitchell after he parked his vehicle is not fully known but Mitchell maintains that he attempted to arrest Donna for a misdemeanor soliciting for prostitution charge.

40.     Upon information and belief, when Donna questioned Mitchell's "status" as a Columbus police officer and asked for his badge and identification ("ID") he was unable to produce either. Upon information and belief, Columbus Police Department

("CPD") regulations require an undercover and/or plainclothes officers acting in a covert capacity to carry their badge and ID at all times.

41.     Upon information and belief, Mitchell did not have his CPD issued walkie with him.  Upon information and belief, CPD regulations require an undercover and/or plainclothes officers acting in a covert capacity to carry their walkie at all times for officer safety and to talk with back up. Upon information and belief, Mitchell was working without backup at the time he was engaged with Donna.

42.     Upon information and belief, Donna who was aware that a law enforcement officer should have his badge, ID and walkie with him while working undercover expressed and/or held the good faith honest and reasonable belief that she was being kidnapped and would be raped rather than be arrested because she did not believe that Mitchell was a police officer.

43.     Upon information and belief, as a direct and proximate result of the remote/secluded location that Mitchell had selected to transport Donna and his failure to produce his badge and ID to prove that he was a police officer, Donna experienced severe fear, fright, anxiety, terror, anguish and concern that Mitchell was going to be physically assault, rape or kill her.

44.     Upon information and belief, when, despite the lack of a badge or ID Mitchell attempted to handcuff Donna, Donna's fear of being a victim of a violent crime became even more real to her and she most likely resisted being handcuffed by Mitchell for fear of her safety.

45.     Upon information and belief, an altercation ensued and Mitchell was allegedly cut in the palm of his hand with a knife.  Thereafter, to escape Mitchell, Donna

jumped into the back seat of the undercover vehicle where she was locked in by both rear doors due to child control/safety locks. She could not exit the vehicle. She was Mitchell's captive at this point. Upon information and belief Donna's fear, fright, anxiety, terror, anguish and concern was so great that it became debilitating.

46.    Upon information and belief, nevertheless, while seated in the front seat and/or partially outside of the vehicle, Mitchell chose to produce a hand-gun, point it at Donna, who was unable to escape, and shoot Donna six or more times, causing her extreme, severe, debilitating fear, fright, anxiety, terror, anguish, concern and pain.

47.    Upon information and belief, Donna was fatally wounded and died shortly thereafter. On August 23, 2018, Mitchell caused the wrongful death of Donna by using excessive force.

48.    Upon information and belief, Mitchell was not in danger of any physical harm from Donna at the time that he shot her.

49.    Upon information and belief, Mitchell's use of deadly force (shooting Donna six or more times) was calculated to result in death and was excessive and was not objectively reasonable under the circumstances.

50.    Mitchell's use of deadly force under the circumstances violated Donna's clearly known and established constitutional right to be free from excessive force which was known or should have been known to Mitchell.

51.    The right to be free from excessive force is clearly established as a protection given by the Fourth Amendment of the United States Constitution, Amendment 4.

52.     Mitchell's failure to have his badge and walkie to evidence his status as a Columbus police officer was plainly incompetent.

53.     On or about August 23, 2018, Mitchell, while acting under color of law, willfully deprived Donna of a right secured and protected by the Constitution and laws of the United States and the Constitution and Laws of the State of Ohio, namely, the right to be free from unreasonable searches and seizures and excessive use of force.  Specifically, Mitchell, under the guise of arrest, kidnapped and/or attempted to kidnap Donna, and transported Donna to a location for a yet unknown unlawful reason.

54.     Defendant's use of deadly force was objectively unreasonable in light of the facts and circumstances that **only he created**. It was Mitchell, **not Donna,** who drove Donna to a secluded location. It was Mitchell, **not Donna**, who failed to produce his badge or ID when requested by Donna. It was Mitchell, not Donna, who did not have his Walkie.  It was Mitchell, **not Donna,** who failed to have back-up who could have corroborated that he was a police officer and assisted him with Donna. It was Mitchell, **not Donna,** who produced handcuffs to an already frightened and terrified Donna without ever establishing that he was in fact a police officer. It was Mitchell, **not Donna**, who activated the child safety locks preventing Donna from exiting the vehicle further causing her to reasonably believe that she was about to be kidnapped or sexually assaulted. Although Mitchell could have safely exited the vehicle and locked the front doors keeping Donna inside the vehicle, it was Mitchell who shot Donna multiple times while she was in the back seat of the vehicle.

55.     On August 23, 2018, Mitchell, in violation of Section 2903.02 of the Ohio Revised Code did cause the wrongful death of Donna as a proximate result of Mitchell's

committing or attempting to commit an offense of violence that is a felony of the first or second degree, to-wit: Felonious Assault in violation of Section 2903.11 of Ohio Revised Code and or Kidnapping in violation of Section 2905.01.

56.     On March 7, 2019, Mitchell was indicted and arrested on federal charges. Among others, he is charged with depriving victims of their constitutional rights while acting as an officer " by kidnapping them under the guise of an arrest and forcing them to engage in sex for freedom".

57.     On April 4, 2019, Mitchell was indicted on state charges of Murder and Voluntary Manslaughter for causing the death of Donna. The grand jury determined that Mitchell's shooting of Donna was not justified.

58.     The Franklin County Coroner ruled the Donna's death a homicide.

59.     Prior to August 23, 2018, the City's Division of Police had an investigation pending against Mitchell. Other red flags about Mitchell and other officers in the Vice Unit had been raised and were known to or should have been known to the City, Jacobs and Doe.  By way of illustration and not limitation, the unconstitutional arrest of Stormy Daniels and others should have caused an immediate review of the Vice Unit. Unfortunately, that review came way too late for Donna because Mitchell had not been relieved of his badge and gun and the Vice Unit went unchallenged until Donna's death.

60.     The harm visited upon Donna by Mitchell resulted from the failure of the City, Jacobs and/or Doe to act to relieve Mitchell of his gun and badge when they had a duty to do so because any reasonable employer or supervisor would have done so. The failure to relieve Mitchell of his gun and badge was the direct result of the City's policy

or custom of "tolerance of acquiescence of federal and state violations by Mitchell and other members of its Vice unit". As a direct and proximate result of this policy, the City, Jacobs and/or Doe enabled Mitchell to harm and cause the death of the Decedent

61.     The City, by and through Jacobs and Doe, has a policy or custom which authorizes the use of lethal/deadly force on a person who has a knife as long as the officer perceived the person as a threat, regardless of the distance between the officer and the person or other circumstances where the officer clearly is not at risk. This policy or custom empowered Mitchell and other officers to make unconstitutional decisions to use lethal/deadly force on a person who was not an immediate threat in violation of United Constitution, Amend 4; 42 USC § 1983. As a direct and proximate result of this policy or custom, Mitchell unconstitutionally took the life of Decedent.

## VI.    DAMAGES

62.     Plaintiff in her representative capacity as Special Administrator states that the Estate and those family members identified in Ohio Revised Code Section 2125.02 and/or the Next of Kin of Decedent have lost Decedent's love, comfort, society and consortium, parenting and guidance and have sustained serious emotional distress, all in amounts that will be shown when this cause comes on for trial.

63.     Plaintiff further states that Estate has incurred medical, burial and other related expenses.

64.     Plaintiff further states that the Decedent sustained general damages, including pre-death pain and suffering and extreme emotional distress, post death loss of enjoyment of her life, lost wages and other losses all in amounts that will be shown when this cause comes on for trial.

65. The conduct of the individual Defendants was willful, malicious, oppressive and in reckless disregard of the constitutional rights of the Decedent, thus justifying punitive damages in an amount that will be shown when this matter comes on for trial.

## VII. CLAIMS FOR RELIEF AGAINST MITCHELL, JACOBS AND DOE 1-25

### COUNT ONE

### 42 U.S.C. § 1983 AND ORC 2125.01 WRONGFUL DEATH AND SURVIVAL ACTION

1. This is an action brought against defendants in their individual and official capacities, pursuant to Ohio Revised Code § 2125.01 and the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

2. Defendants Mitchell, Jacobs and/or Doe have, under color of law, deprived Donna of rights, privileges, and immunities secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, by, among other things, subjecting Decedent to a seizure without a warrant or any other legal justification and subjecting Decedent to excessive force and acting with deliberate indifference to her right to life and liberty.

3. As a direct and proximate result of the aforementioned wrongful acts of Mitchell, Jacobs and/or Doe, Donna was killed by Mitchell.

4. As a direct and proximate result of Defendant's acts and or omissions Plaintiff and Decedent's family and next of kin lost companionship, love, society, parenting, comfort , support, guidance, and consortium with Decedent and are entitled to damages for pain, suffering, loss of support of the Decedent.

5. Decedent's family and next of kin has ongoing and continuous emotional and other damages and losses and as such are entitled to recovery, including but not limited to the following:

     a. compensation for physical and emotional harm;

     b. loss of earnings and other compensatory losses;

     c. past medical bills and expenses

     d. pain and suffering

     e. punitive damages

     f. award of attorney fees on federal 1983 claims

## COUNT TWO

**EXCESSIVE FORCE AND UNREASONABLE SEIZURE IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

6. This is an action brought against defendants in their individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

7. Defendants subjected Decedent to unreasonable seizure and excessive force, depriving her of bodily integrity, liberty, and due process of law

8. As a direct and proximate result of Defendants' acts, omissions, and clearly unreasonable seizure and use of excessive force, Defendants deprived Plaintiff's Decedent of the rights to be free from unreasonable seizure, the right to be free from excessive force and the right to due process of law guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

9. As a direct and proximate result of Defendants acts and omissions, Plaintiff and Decedent's family and next of kin lost companionship, love, society,

parenting, comfort , support, guidance, and consortium with Decedent and are entitled to damages for pain, suffering, loss of support of the Decedent.

10.    Plaintiff and Decedent's family and next of kin has ongoing and continuous emotional and other damages and losses and as such are entitled to recovery, including but not limited to the following:

a.    compensation for physical and emotional harm;

b.    loss of earnings and other compensatory losses;

c.    past medical bills and expenses

d.    pain and suffering

e.    punitive damages

f.    award of attorney fees on federal 1983 claims

## COUNT THREE

### ASSAULT AND BATTERY

11.     This is an action brought against defendants in their individual and official  capacities, pursuant to Ohio Revised Code § 2903.11, 2903.12, 2903.13, and the United States  Constitution Amendments IV and XIV in violation of 42 U.S.C. § 1983 and § 1988.

12.    Defendants knowing caused physical harm to Decedent and placed Decedent in apprehension of immediate serious physical harm.

13.     As a direct and proximate result of Defendants acts and omissions, Plaintiff and Decedent's family and next of kin lost companionship, love, society, parenting, comfort , support, guidance, and consortium with Decedent and are entitled to damages for pain, suffering, loss of support of the Decedent.

14. Plaintiff and Decedent's family and next of kin has ongoing and continuous emotional and other damages and losses and as such are entitled to recovery, including but not limited to the following:

     a.     compensation for physical and emotional harm;

     b.     loss of earnings and other compensatory losses;

     c.     past medical bills and expenses

     d.     pain and suffering

     e.     punitive damages

     f.     award of attorney fees on federal 1983 claims

**COUNT THREE**

**KIDNAPPING, FALSE ARREST, FALSE IMPRISONMENT**

15. This is an action brought against defendants in their individual and official capacities, pursuant to common law and statutory kidnapping, false imprisonment and false arrest and the United States Constitution Amendments IV and XIV in violation of 42 U.S.C. § 1983 and § 1988.

16. Defendants knowing held Decedent against her will and deprived her of her right to liberty and this constituted kidnapping, false arrest and false imprisonment. all of which resulted in physical harm and death of Decedent

17. As a direct and proximate result of Defendants acts and omissions, Plaintiff and Decedent's family and next of kin lost companionship, love, society, parenting, comfort, support, guidance, and consortium with Decedent and are entitled to damages for pain, suffering, loss of support of the Decedent.

18.     Plaintiff and Decedent's family and next of kin has ongoing and continuous emotional and other damages and losses and as such are entitled to recovery, including but not limited to the following:

      a.     compensation for physical and emotional harm;

      b.     loss of earnings and other compensatory losses;

      c.     past medical bills and expenses

      d.      pain and suffering

      e.     punitive damages

      f.     award of attorney fees on federal 1983 claims

## COUNT FOUR

### MONELL CLAIM AGAINST THE CITY OF COLUMBUS

19.      The City of Columbus directly caused the constitutional violations suffered by Plaintiff and Decedent's family and next of kin, and is liable for the damages suffered by Plaintiff Decedent's family and next of kin and as a result of the conduct of the Defendant Mitchell. The conduct of the Mitchell was a direct consequence of policies and practices of Defendant City of Columbus as set forth and described in paragraphs 60 and 61 hereof.

20.     As a direct and proximate result of Defendant City's acts and omissions, Plaintiff and Decedent's family and next of kin lost companionship, love, society, parenting, comfort , support, guidance, and consortium with Decedent and are entitled to damages for pain, suffering, loss of support of the Decedent.

21.     Plaintiff and Decedent's family and next of kin has ongoing and continuous

emotional and other damages and losses and as such are entitled to recovery, including but not limited to the following:

      a.     compensation for physical and emotional harm;

      b.     loss of earnings and other compensatory losses;

      c.     past medical bills and expenses

      d.     pain and suffering

      e.     punitive damages

      f.     award of attorney fees on federal 1983 claims

## VIII.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against these Defendants, proportionately, severally, and/or jointly and severally, for: (1) compensatory and/or general and special damages, past and future, and including but not limited to those set forth in this Complaint in an amount of $3,500,000; (2) attorney fees and expenses, court costs, discovery costs, and investigation expenses incurred in investigating, preparing, bringing and prosecuting this action; (3) interest at the statutory rate from the date of judgment; (4) pre-judgment interest at the statutory rate from the date of injury; (5) punitive damages in an amount $3,5000.00; (6) declaration that Defendants' policy and customs as described in paragraphs 60 and 61 hereof are unconstitutional and (7) such other relief as may be fair and equitable.

Respectfully submitted

s/ John W. Waddy, Jr.
John W. Waddy, Jr.
Sup. Ct. Atty. Reg. No. 0009562
111 Hamilton Park
Columbus, Ohio 43203
(614) 463-9518
FAX 461-1299
E-MAIL JWADDY@EE.NET
Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by a jury (with maximum number of jurors allowed by law) as to all issues presented in this Complaint which are properly triable to a jury.

Respectfully submitted

s/ John W. Waddy, Jr.
John W. Waddy, Jr.
Sup. Ct. Atty. Reg. No. 0009562
111 Hamilton Park
Columbus, Ohio 43203
(614) 463-9518
FAX 461-1299
E-MAIL JWADDY@EE.NET
Trial Attorney for Plaintiff