IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Mary M. Laile (as personal representative and Special Administrator of the Estate of Donna Gail Castleberry AKA Donna Gail Dalton, Decedent), | CIVIL ACTION NO. 2:19-cv-3689 |
| Plaintiff, | |
| | JUDGE MICHAEL H. WATSON |
| vs. | |
| Andrew K. Mitchell , et al | MAGISTRATE JUDGE KIMBERLY L. JOLSON |
| Defendants. | |

PLAINTIFF MARY M. LAILE'S MOTION FOR ENLARGEMENT OF THE TIME BY WHICH SHE MAY EFFECT SERVICE OF THE SUMMONS AND COMPLAINT UPON DEFENDANTS HEREIN.

Now come Plaintiff Mary M. Laile, by and through counsel, and hereby moves the Court, pursuant to Rule 6(b) (1) (A), Federal Rules of Civil Procedure (FRCP) to exercise its sound discretion and enlarge the time period by which Plaintiffs may effect service of the summons and complaint upon each Defendant herein by granting Plaintiff until February 19, 2020 to effect service of summons and complaint upon such Defendants.

This Motion is supported by Memorandum and Affidavit below.

A proposed Order is attached hereto for the Court's consideration.

Respectfully submitted

/s/ John W. Waddy, Jr.
John W. Waddy, Jr.
Sup. Ct. Atty. Reg. No. 0009562
111 Hamilton Park
Columbus, Ohio 43203
(614) 463-9518
FAX 461-1299
E-MAIL JWADDY@EE.NET
Trial Attorney for Plaintiff

1

<u>MEMORANDUM IN SUPPORT</u>

On August 23, 2019, Plaintiff Mary M. Laile, (as personal representative and Special Administrator of the Estate of Donna Gail Castleberry AKA Donna Gail Dalton, Decedent) commenced this wrongful death civil action against Defendant Andrew K. Mitchell, Defendant City of Columbus, Defendant Kim Jacobs, and Defendants police officers Doe 1-25. This motion relates to service of the complaint upon the upon defendants.

FRCP Rule 4(c)(1) provides that service of the complaint and summons must be made upon the defendants within the time provided in FRCP(M):

(c) Service.

> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

FRCP Rule 4(m) provides a 90 day time limit for service:

(m) Time Limit for Service.

> If a defendant is not served within 90 days after the complaint is filed, the court on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule **71.1(d)(3)(A)**.

Hence service of the complaint and summons shall be made within 90 days of filing of the complaint.

2

However, FRCP Rule 6(b)(1)(A) provides that a court may for good cause extend the time for service of the summons and complaint the Court may with or without motion extend the time. This Rule reads in pertinent part:

(b) Extending Time

    (1)    In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

        (A)    with or without motion or notice if the court acts, or if the request is made before the original time or its extension expires;

Here, the complaint was filed on August 23, 2019 and pursuant to FRCP Rule 4(m) service was to be made on or before November 23, 2019, within the prescribed 90 day period of 4(m). This motion is made prior to the expiration of the 90 day period.

Plaintiff states that she has good cause why service has not yet been effected upon the Defendants.

Immediately after this case was filed, Plaintiff met with representatives of the City defendants to discuss the civil action. Settlement and possible defenses were discussed. From the discussions, counsel had the understanding that service of the Complaint upon the City defendant at this time would cause the filing of an answer wherein certain defenses would be raised which, if successful, would negatively impact Plaintiff's case. Strategically, to avoid any impediment to settlement Plaintiff wishes to exhaust all possible settlement avenues prior to effecting service of the complaint and summons on Defendants. Hence, Plaintiff needs additional time to make a demand for resolution of this matter prior to having Defendants served with the summons and complaint. This is a strategy that is in the best interest of Plaintiff's case. Plaintiff believes that it best serves judicial economy to allow the

parties to discuss settlement prior to service of the complaint and summons in this matter.

Therefore, Plaintiff states that she has shown good cause and she prays that the Court finds that she is entitled to the relief requested. Plaintiff prays that the Court issue an order granting Plaintiff until February 19, 2020 to effect service of summons and complaint upon Defendants.

Respectfully submitted

/s/ John W. Waddy, Jr.
John W. Waddy, Jr.
Sup. Ct. Atty. Reg. No. 0009562
111 Hamilton Park
Columbus, Ohio 43203
(614) 463-9518
FAX 461-1299
E-MAIL JWADDY@EE.NET
Trial Attorney for Plaintiff