**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MARY M. LAILE, | Case No. 2:19-cv-3689 |
| Plaintiff, | Judge Sarah D. Morrison |
| v. | Magistrate Judge Kimberly A. Jolson |
| ANDREW K. MITCHELL, et al., | |
| Defendants. | |

**ANSWER OF DEFENDANTS CITY OF COLUMBUS
AND KIMBERLEY JACOBS**

For their answer to the Complaint filed by Plaintiff Mary M. Laile on August 23, 2019, Defendants City of Columbus ("the City") and Kim Jacobs ("Jacobs"), admit, deny, and state the following:

1. The City and Jacobs deny any allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 4 of the Complaint.

5. The City and Jacobs admit that Mitchell shot and killed the Decedent. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5 of the Complaint.

6. The City and Jacobs deny the allegations contained in Paragraph 6 of the Complaint.

7. The City and Jacobs deny the allegations contained in Paragraph 7 of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 8 of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 10 of the Complaint insofar as the allegations relate to the City and Jacobs. The City and

Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. The City and Jacobs admit that this Court has jurisdiction over this matter. The City and Jacobs deny any remaining allegations contained in Paragraph 11 of the Complaint.

12. The City and Jacobs admit that this Court has jurisdiction over this matter. The City and Jacobs deny any remaining allegations contained in Paragraph 12 of the Complaint.

13. The City and Jacobs admit that this Court has jurisdiction over this matter. The City and Jacobs deny any remaining allegations contained in Paragraph 13 of the Complaint.

14. The City and Jacobs admit that this Court has jurisdiction over this matter. The City and Jacobs deny any remaining allegations contained in Paragraph 14 of the Complaint.

15. The City and Jacobs admit that this Court has jurisdiction over this matter. The City and Jacobs deny any remaining allegations contained in Paragraph 15 of the Complaint.

16. The City and Jacobs admit that venue is proper. The City and Jacobs deny any remaining allegations contained in Paragraph 16 of the Complaint.

17. The City and Jacobs admit that venue is proper. The City and Jacobs deny any remaining allegations contained in Paragraph 17 of the Complaint.

18. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.

19. The City and Jacobs admit that Mitchell shot and killed the Decedent. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20. The City and Jacobs admit the allegations contained in Paragraph 20 of the Complaint.

21. The City and Jacobs admit that both Mitchell and Jacobs were employed by the City on the date the incident occurred. Answering further, the City and Jacobs admit that Jacobs acted within the course and scope of her employment at all relevant times. The City and Jacobs deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. The City and Jacobs admit that both Jacobs and Mitchell were employed as Columbus Police Officers on the date the incident occurred. Answering further, the City and Jacobs admit that Jacobs acted within the course and scope of her employment at all relevant times. The City and Jacobs deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. The City and Jacobs admit that both Mitchell and Jacobs were employed by the City on the date the incident occurred. Answering further, the City and Jacobs admit that Jacobs acted within the course and scope of her employment at all relevant times. The City and Jacobs deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs admit that Mitchell was employed by the City on the date the incident occurred. The City and Jacobs deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. The City and Jacobs admit the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, The City and Jacobs state that Jacobs was the Chief of Police for the Columbus Division of Police at all times relevant to this action. The City and Jacobs deny any remaining allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs state that Jacobs was the Chief of Police for the Columbus Division of Police at all times relevant to this action. The City and Jacobs deny any remaining allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, The City and Jacobs state that: (a) Jacobs was the Chief of Police for the Columbus Division of Police at all times relevant to this action; and (b) Jacobs was and still is a resident of Franklin County, Ohio and the judicial district of this Court. The City and Jacobs deny any remaining allegations contained in Paragraph 28 of the Complaint.

29. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. In response to the allegations contained in Paragraph 32 of the Complaint, the City and Jacobs state that: (a) Mitchell was appointed as a police officer with the Columbus Division of Police on December 13, 1987; and (b) Mitchell resigned on March 13, 2019. The City and Jacobs deny any remaining allegations contained in Paragraph 32 of the Complaint.

33. The City and Jacobs admit the allegations contained in Paragraph 33 of the Complaint.

34. The City and Jacobs admit the allegations contained in Paragraph 34 of the Complaint.

35. The City and Jacobs admit the allegations contained in Paragraph 35 of the Complaint.

36. The City and Jacobs admit the allegations contained in Paragraph 36 of the Complaint.

37. The City and Jacobs admit the allegations contained in Paragraph 37 of the Complaint.

38. In response to the allegations contained in Paragraph 38 of the Complaint, the City and Jacobs state that, upon information and belief: (a) Mitchell identified Decedent as a potential prostitute; (b) Mitchell picked Decedent up and she directed him to drive to the location on the southwest corner of an apartment building near Yale Avenue and Sullivant Avenue; and (c) the car was parked just west of the building, close enough to the structure that the door could not be fully opened. The City and Jacobs deny any remaining allegations contained in Paragraph 38 of the Complaint.

39. The City and Jacobs admit that Mitchell maintains that he attempted to arrest the Decedent for a misdemeanor soliciting for prostitution charge. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. In response to the allegations contained in Paragraph 40 of the Complaint, the City and Jacobs state that, upon information and belief, Mitchell did not produce a badge in response to

Decedent's request. The City and Jacobs deny the remaining allegations contained in Paragraph 40 of the Complaint.

41. The City and Jacobs admit that Mitchell did not have his walkie in the passenger compartment of the vehicle. The City and Jacobs deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. In response to the allegations contained in Paragraph 45 of the Complaint, the City and Jacobs state that, upon information and belief, Decedent cut Mitchell with a knife. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. In response to the allegations contained in Paragraph 46 of the Complaint, the City and Jacobs state that, upon information and belief, Mitchell shot Decedent. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs admit that Mitchell shot and killed the Decedent. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 47 of the Complaint.

48. In response to the allegations contained in Paragraph 48 of the Complaint, the City and Jacobs state that, upon information and belief: (a) Decedent cut Mitchell with a knife; and (b) after Decedent cut Mitchell with a knife, Mitchell shot and killed Decedent. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny that they violated Decedent's constitutional rights.

52. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint.

56. The City and Jacobs admit the allegations contained in Paragraph 56 of the Complaint.

57. The City and Jacobs admit the allegations contained in Paragraph 57 of the Complaint.

58. The City and Jacobs admit the allegations contained in Paragraph 58 of the Complaint.

59. The City and Jacobs admit that: (a) the City had received a citizen's complaint about Mitchell prior to August 23, 2018; and (b) Mitchell had not been relieved of his gun and badge prior to August 23, 2018. The City and Jacobs deny the remaining allegations contained in Paragraph 59 of the Complaint.

60. The City and Jacobs deny the allegations contained in Paragraph 60 of the Complaint.

61. The City and Jacobs deny the allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint.

63. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 65 of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 65 of the Complaint.

### RESPONSES TO PLAINTIFF'S CLAIMS FOR RELIEF

1. Paragraph 1 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny any allegations contained in Paragraph 1 of the Claims for Relief section of the Complaint.

2. The City and Jacobs deny the allegations contained in Paragraph 2 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and

Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Claims for Relief section of the Complaint as they relate to Mitchell.

3. The City and Jacobs deny the allegations contained in Paragraph 3 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Claims for Relief section of the Complaint as they relate to Mitchell.

4. The City and Jacobs deny the allegations contained in Paragraph 4 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Claims for Relief section of the Complaint as they relate to Mitchell.

5. Paragraph 5 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, The City and Jacobs deny the allegations contained in Paragraph 5 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Claims for Relief section of the Complaint as they relate to Mitchell.

6. Paragraph 6 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny any allegations contained in Paragraph 6 of the Claims for Relief section of the Complaint.

7. The City and Jacobs deny the allegations contained in Paragraph 7 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and

Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Claims for Relief section of the Complaint as they relate to Mitchell.

8. The City and Jacobs deny the allegations contained in Paragraph 8 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Claims for Relief section of the Complaint as they relate to Mitchell.

9. The City and Jacobs deny the allegations contained in Paragraph 9 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Claims for Relief section of the Complaint as they relate to Mitchell.

10. Paragraph 10 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 10 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Claims for Relief section of the Complaint as they relate to Mitchell.

11. Paragraph 11 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny any allegations contained in Paragraph 11 of the Claims for Relief section of the Complaint.

12. The City and Jacobs deny the allegations contained in Paragraph 12 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the

allegations contained in Paragraph 12 of the Claims for Relief section of the Complaint as they relate to Mitchell.

13. The City and Jacobs deny the allegations contained in Paragraph 13 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Claims for Relief section of the Complaint as they relate to Mitchell.

14. Paragraph 14 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 14 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Claims for Relief section of the Complaint as they relate to Mitchell.

15. Paragraph 15 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny any allegations contained in Paragraph 15 of the Claims for Relief section of the Complaint.

16. The City and Jacobs deny the allegations contained in Paragraph 16 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Claims for Relief section of the Complaint as they relate to Mitchell.

17. The City and Jacobs deny the allegations contained in Paragraph 17 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Claims for Relief section of the Complaint as they relate to Mitchell.

18. Paragraph 18 of the Claims for Relief section of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the City and Jacobs deny the allegations contained in Paragraph 18 of the Claims for Relief section of the Complaint insofar as the allegations relate to the City and Jacobs. The City and Jacobs lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Claims for Relief section of the Complaint as they relate to Mitchell.

19. The City and Jacobs deny the allegations contained in Paragraph 19 of the Claims for Relief section of the Complaint.

20. The City and Jacobs deny the allegations contained in Paragraph 20 of the Claims for Relief section of the Complaint.

21. The City and Jacobs deny the allegations contained in Paragraph 21 of the Claims for Relief section of the Complaint.

22. The City and Jacobs deny any remaining allegation made in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

23. With respect to Plaintiff's state-law claims, the City and Jacobs are entitled to all applicable immunities, defenses, set-offs, and limitations set forth in Ohio's Political Subdivision Tort Liability Act, O.R.C §§ 2744.01–2744.11.

24. Jacobs is entitled to qualified immunity.

25. Plaintiff's Complaint fails to state claims upon which relief can be granted.

26. Plaintiff's alleged damages must be reduced according to law if there was any failure to mitigate damages.

27. The City and Jacobs reserve the right to assert such additional defenses that may become apparent as this civil action proceeds through discovery.

## PRAYER FOR RELIEF

Having fully answered Plaintiff's Complaint, the City and Jacobs respectfully request: (a) an order from this Court dismissing Plaintiff's claims with prejudice; (b) an order from this Court assessing costs to the City and Jacobs; (c) and order from this Court awarding the City and Jacobs any and all such other relief the Court deems just, necessary, or appropriate; and (d) a final judgment entry in the City and Jacobs' favor.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728) – Lead
Joseph M. Gibson, Jr. (0084587)
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
jmgibson@columbus.gov

*Attorneys for Defendants*
*City of Columbus and Kim Jacobs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on **February 18, 2020**, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

                                            /s/ Westley M. Phillips
                                            Westley M. Phillips (0077728)