**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARY M. LAILE, | Case No. 2:19-cv-3689 |
| Plaintiff, | Judge Sarah D. Morrison |
| v. | |
| ANDREW K. MITCHELL, et al., | Magistrate Judge Kimberly A. Jolson |
| Defendants. | **MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants City of Columbus and Kim Jacobs jointly and respectfully move this Court for a partial judgment on the pleadings in this action and for an order dismissing, with prejudice: (1) the official-capacity claims that Plaintiff has asserted; (2) any and all claims that Plaintiff has asserted against Jacobs; and (3) any state-law claims that Plaintiff may have tried to assert against the City. A memorandum supporting this motion is attached hereto.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728) – Lead
Joseph M. Gibson, Jr. (0025430)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
jmgibson@columbus.gov

Attorneys for Defendants
City of Columbus and Kim Jacobs

## MEMORANDUM IN SUPPORT

### I.  FACTS

This civil action arises from the fatal shooting of Donna Gail Castleberry by former Columbus Police Officer Andrew K. Mitchell on August 23, 2018. COMPLAINT (R.1). Plaintiff Mary M. Laile is the administrator of Castleberry's estate. *Id*. Plaintiff has asserted various theories of recovery against the City of Columbus and former Columbus Police Chief Kim Jacobs. *Id*. Plaintiff purports to sue Jacobs and Mitchell in both their individual and official capacities as City employees. COMPLAINT ¶¶24, 28 (R.1 #7-8).

### II.  ARGUMENT

The standard that this Court applies to Rule 12(c) motions for judgment on the pleadings is the same standard that is applied to Rule 12(b)(6) motions for dismissal. *Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016); *Warrior Sports v. NCAA*, 623 F.3d 281, 284 (6th Cir. 2010); *Harsh v. Geico*, Case No. 2:17-cv-814, 2018 U.S. Dist. LEXIS 162032, *6 (S.D. Ohio Sept. 21, 2018). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch*, 479 F.2d 478, 480 (6th Cir. 1973)). Nonetheless, courts "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)); *Winget*, 510 F.3d at 581-82. Thus, in order to survive this Rule 12(c) motion, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009));

*Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)); *Harsh*, 2018 U.S. Dist. LEXIS 162032, *6. "Mere labels and conclusions are not enough; the allegations must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Engler*, 862 F.3d at 575 (quoting *Iqbal*, 556 U.S. at 678).

## A.     THE OFFICIAL-CAPACITY CLAIMS

Plaintiff purports to sue Jacobs and Mitchell in both their individual and official capacities as City employees. COMPLAINT ¶¶24, 28 (R.1 #7-8). Nevertheless, Plaintiff's official-capacity claims are duplicative of the claims that Plaintiff has already asserted against the City itself. COMPLAINT ("Count Four Monell Claim Against the City of Columbus") (R.1, #20-21). "'Official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent.'" *Everson v. Leis*, 556 F.3d 484, 493 n.3 (6th Cir. 2009) (quoting *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 n.55 (1978)) (alterations omitted); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Faith Baptist Church v. Waterford Township*, 522 Fed. App'x 322, 327 (6th Cir. 2013); *Krankovich v. Rapavi*, Case No. 2:17-cv-140, 2017 U.S. Dist. LEXIS 159151, *17 (S.D. Ohio Sept. 27, 2017). In other words, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *Will v. Michigan*, 491 U.S. 58, 71 (1989); *Faith Baptist*, 522 Fed. App'x at 327; *Croft v. Columbus*, Case No. 2:17-cv-398, 2018 U.S. Dist. LEXIS 1336, *5 (S.D. Ohio Jan. 4, 2018).

Plaintiff has asserted claims against Mitchell and Jacobs in their official capacities and she has asserted claims against the City itself. Plaintiff has alleged that Mitchell and Jacobs were City employees at all times relevant to this matter. "Courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit." *Croft*, 2018 U.S. Dist. LEXIS 1336, *5 (quoting *Johnson v. Washington County*, Case

No. 2:10-CV-076, 2010 U.S. Dist. LEXIS 62597, *11 (S.D. Ohio June 22, 2010)). This is especially true when the principal entity of which the individual defendants are agents is also named as a defendant in the case. *Foster v. Michigan*, 573 Fed. App'x 377, 390 (6th Cir. 2014); *Faith Baptist*, 522 Fed. App'x at 327.

Ultimately, dismissing Plaintiff's redundant official-capacity claims would have no substantive effect as to her claims against the City itself or against Mitchell and Jacobs in their individual capacities. Rather, dismissing Plaintiff's superfluous claims would be "merely simplifying the litigation in a manner that does not cause any prejudice to Plaintiff." *Johnson*, 2010 U.S. Dist. LEXIS 62597, *11–12.

To the extent Plaintiff is also asserting state-law claims against Mitchell and Jacobs in both their individual and official capacities, Ohio law is the same with respect to this problem of redundancy. "It is well settled that a suit against an employee of a political subdivision in the employee's official capacity is an action against the entity itself and the employees are entitled to the same immunity due the political subdivision." *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶¶ 2, 17, 32 (Ohio App. Nov. 10, 2011) (citing *Duff v. Coshocton*, 5th Dist. Cohocton No. 03-CA-019, 2004-Ohio-3713, ¶ 18 (Ohio App. July 9, 2004); *Smitek v. Peaco*, 9th Dist. Lorain No. 92CA005359, 1993 Ohio App. LEXIS 547; *5–6 (Jan. 27, 1993)). As discussed more thoroughly below, the City is entitled to dismissal of all state-law claims asserted against it under Ohio's Political Subdivision Tort Liability Act. *See* Ohio Rev. Code Ch. 2744; Part III.C, below. To the extent Plaintiff is asserting state-law claims against Mitchell and Jacobs in their official capacities, Mitchell and Jacobs are entitled to that same immunity. Even if the City were not immune to Plaintiff's state-law claims, the Court could still dismiss Plaintiff's state-law official-capacity state-law claims as redundant. *See, e.g., Sadlowski v.*

*Boardman Local Schools*, Case No. 11 CV 1790, 2012 Ohio Misc. LEXIS 21819, *2–3 (C.P. Mahoning June 29, 2012).

### B. INDIDIVIDUAL-CAPACITY CLAIMS AGAINST JACOBS

#### 1. Individual-Capacity Federal Claims Against Jacobs

"The doctrine of respondeat superior does not apply in section 1983 lawsuits to impute liability onto supervisory personnel." *Wingo v. Tennessee Department of Corrections*, 499 Fed. App'x 453, 455 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)); *Alexander v. Carter*, 733 Fed. App'x. 256, 263 (6th Cir. 2018); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). To the extent Plaintiff bases her individual-capacity claims against Jacobs upon the theory that Jacobs failed to implement certain policies, affirmatively implemented others, or failed to adequately train, supervise, discipline Mason or any other Columbus police officer, Plaintiff "improperly conflate[s] a § 1983 claim of individual supervisory liability with one of municipal liability." *Heyerman v. Calhoun County*, 680 F.3d 642, 647–48 (6th Cir. 2012) (quoting *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008)).

"In order to establish liability pursuant to § 1983, 'the plaintiff must prove that the defendant, as a supervisory official, is personally responsible for the alleged unconstitutional actions that caused his injury.'" *Denkins v. Mohr*, Case No. 2:13-cv-584, 2014 U.S. Dist. LEXIS 120891, *7 (S.D. Ohio Aug. 29, 2014) (quoting *Mills v. Barbourville*, 389 F.3d 568, 580 (6th Cir. 2004)). That is, there must be some level of personal involvement or direct participation by the supervisor in the alleged misconduct. *See Heyerman v. Calhoun County*, 680 F.3d 642, 647–48 (6th Cir. 2012); *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *Denkins*, 2014 U.S. Dist. LEXIS 120891, *7; *Younker v. Mohr*, Case No. 2:13-cv-1116, 2013 U.S. Dist. LEXIS 173109, *8–9 (S.D. Ohio Dec. 10, 2013). A "supervisory official's failure to supervise,

control, or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Croft*, 2018 U.S. Dist. LEXIS 1336, *5 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 297 (6th Cir. 1999)) (citing *Essex v. Livingston*, 518 Fed. App'x 351, 355 (6th Cir. 2013); *Surface v. Conklin*, Case No. 1:15-cv-40, 2015 U.S. Dist. LEXIS 65865, *6–8 (S.D. Ohio May 20, 2015)). Moreover, supervisory liability cannot be based on allegations of mere knowledge or a mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee*, 199 F.3d at 300; *Cohen v. Mohr*, Case No. 2:15-cv-431, 2016 U.S. Dist. LEXIS 132314, *5 (S.D. Ohio Sept. 27, 2016).

Ultimately, it appears Plaintiff has named Jacobs as a defendant in this action solely because she was Chief of Police at all times relevant to this matter. In the absence of any factual allegations or evidence suggesting that Jacobs actually played an active role in the constitutional deprivations alleged, Plaintiff's claims against Jacobs based on the theory that she is the "boss" who "should know what's going on" are insufficient to a claim for individual liability against her under § 1983. *See Dixon v. Mohr*, Case No. 1:12-cv-294, 2012 U.S. Dist. LEXIS 70930, *9–10 (S.D. Ohio May 18, 2012). Such insufficient claims are ripe for dismissal upon a Rule 12(c) motion for judgment on the pleadings, and Jacobs respectfully asks the Court to dismiss all individual-capacity federal claims that Plaintiff has asserted assert against her in this civil action. *See Croft*, 2018 U.S. Dist. LEXIS 1336, *5–6.

### 2. Individual-Capacity State-Law Claims Against Jacobs

Under Ohio law, a political subdivision's employees are personally immune to state-law tort liability under Ohio's Political Subdivision Tort Liability Act. *See* OHIO REV. CODE Ch. 2744. Such immunity is derived from a two-part analysis. First, Ohio Revised Code § 2744.03(A)(6) provides the City's employees with presumptive immunity from liability in civil actions "brought … to recover damages for injury, death, or loss to person or property allegedly

caused by any act or omission in connection with a governmental or proprietary function." Plaintiff alleges that the City of Columbus is a political subdivision of the State of Ohio and that Jacobs, was at all relevant times, acting as a City employee. COMPLAINT ¶¶20, 23 (R.1 #6–7). All of the conduct about which Plaintiff complains here is conduct connected with the "provision or nonprovision of police … services or protection," which are expressly included within the statutory definition of "governmental function." OHIO REV. CODE § 2744.01(C)(2)(a). Plaintiff is seeking to recover damages for injury, death, and loss to person or property allegedly caused by such conduct. As such, Jacobs is entitled to presumptive immunity from Plaintiff's individual-capacity state-law tort claims under Ohio Revised Code 2744.03(A)(6).

Jacobs' presumptive immunity, however, is not absolute. It is subject to three statutory exceptions, and the second part of this immunity analysis is a determination of whether any one of those three exceptions apply to Plaintiff's individual-capacity state-law tort claims against Jacobs. Despite the presumptive immunity granted under Ohio Revised Code § 2744.03(A)(6), a political subdivision's employee can be held liable in tort if (a) the "employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities"; (b) the "employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner"; or (c) "[c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." *Lambert v. Clancy*, 125 Ohio St. 3d 231, 234 (2010); *Smith v. Wyoming*, 821 F.3d 697, 706 (6th Cir. 2016).

Because Jacobs was acting within the course and scope of her employment and official responsibilities at all relevant times, the first immunity exception found in Ohio Revised Code § 2744.03(A)(6)(a) does not apply. COMPLAINT ¶23 (R.1 #7). The second exception, which is found in Ohio Revised Code § 2744.03(A)(6)(b), requires—among other things—a showing that

Jacobs acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Although Plaintiff alleges at various points throughout her complaint that Jacobs has acted with malice, in bad faith, or in a reckless manner, Plaintiff makes such allegations only vaguely, and she does so by grouping Jacobs among "Defendants" and "policymakers" generally. COMPLAINT ¶¶7, 26 (R.3-4, 7-8). Again, there is no allegation of specific wrongdoing by Jacobs, and there is no allegation that Jacobs either encouraged the specific incident of misconduct at issue or in some other way directly participated in it. Defendants are not aware of any case law in Ohio that such tenuous allegations would support a state-law tort liability claim against a chief of police, and there is at least one case holding that they would not. *See DiGiorgio*, 2011-Ohio-5878, ¶¶1, 46–53 (reversing the denial of a motion to dismiss and/or for judgment on the pleadings). Finally, because there is no provision of the Ohio Revised Code that would otherwise impose liability upon Jacobs for the conduct about which Plaintiff now complains or for the losses alleged, the third exception found in Ohio Revised Code § 2744.03(A)(6)(c) does not apply.

Ultimately, because none of the three statutory exceptions to Jacobs' presumptive tort immunity applies to Plaintiff's individual-capacity state-law claims against Jacobs, she remains immune to those claims. As such, she is entitled to judgment on the pleadings under Rule 12(c).

### C. STATE-LAW CLAIMS AGAINST THE CITY

Tort claims against Ohio political subdivisions themselves are also governed by Ohio's Political Subdivision Tort Liability Act. *See* OHIO REV. CODE Ch. 2744. To determine whether a political subdivision is immune, courts employ a three-tiered analysis. *Pelletier v. Campbell*, Case No. 2017-0088, 2018-Ohio-2121, ¶15 (Ohio June 5, 2018); *Argabrite v. Neer*, 149 Ohio St. 3d 349, 358–59 (2016); *Baker v. Wayne County*, 147 Ohio St. 3d 51, 53–54 (2016). In the first tier, Ohio Revised Code § 2744.02(A) grants presumptive tort immunity to the political subdivision for any "injury, death, or loss to person or property allegedly caused by any act or

omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Again, the City is a political subdivision of the State of Ohio, and all of the conduct about which Plaintiff complains was the conduct of City employees/agents. Moreover, all of the conduct about which Plaintiff complains was connected with the governmental function that is the provision or nonprovision of police services or protection. Finally, Plaintiff is still seeking to recover damages for injury, death, and loss to person or property allegedly caused by such conduct. Thus, Ohio Revised Code § 2744.02(A)(1) grants the City presumptive immunity from Plaintiff's state-law claims.

The City's presumptive immunity can be overcome in the second-tier of the analysis, but only if Plaintiff can establish that one of the five statutory immunity exceptions found in Ohio Revised § 2744.02(B) applies. Nonetheless, Ohio Revised Code § 2744.02(B)(1) does not apply because Plaintiff's claims do not involve the negligent operation of a motor vehicle. Second, Ohio Revised Code § 2744.02(B)(2) does not apply because the conduct about which Plaintiff complains was related to a governmental function, not to a proprietary function. Third, Ohio Revised Code § 2744.02(B)(3) does not apply because Plaintiff's claims do not relate to the alleged disrepair of a public road or to any purported obstruction within a public road. Fourth, Ohio Revised Code § 2744.02(B)(4) does not apply because Plaintiff's losses were not incurred upon the grounds of any public building. Finally, Ohio Revised Code § 2744.02(B)(5) does not apply because there is no provision of the Ohio Revised Code that would otherwise impose liability upon the City for the conduct or injuries alleged in Plaintiff's complaint. Because none of these five second-tier immunity exceptions apply to Plaintiff's state-law claims against the City, the City retains its presumptive first-tier immunity.

The third tier of the immunity analysis asks the Court to determine whether the City could raise any of the additional defenses found in Ohio Revised Code § 2744.03 if its immunity were lost during the second-tier of the analysis. Because the City retains its immunity through the second tier in this particular case, there is no need for the Court to consider the third. The City is immune from liability for Plaintiff's state-law claims and is thus entitled to judgment on the pleadings.

## III.    CONCLUSION

For the reasons stated above, Defendants City of Columbus and Kim Jacobs jointly and respectfully move this Court for a partial judgment on the pleadings in this action and for an order dismissing, with prejudice: (1) the official-capacity claims that Plaintiff has asserted; (2) any and all claims that Plaintiff has asserted against Jacobs; and (3) any state-law claims that Plaintiff may have tried to assert against the City.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728) – Lead
Joseph M. Gibson, Jr. (0025430)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 North Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
jmgibson@columbus.gov

Attorneys for Defendants
City of Columbus and Kim Jacobs

## CERTIFICATE OF SERVICE

I hereby certify that, on February 18, 2020, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Westley M. Phillips
Westley M. Phillips (0077728)